**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Renner, | No. CV-14-08051-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America, N.A., | |
| Defendant. | |

Pending before the Court are: (1) Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") (Doc. 23); (2) Plaintiff's Objection to Defendant's Motion to Dismiss the First Amended Complaint ("Response") (Doc. 24); (3) Plaintiff's Motion Requesting the Court's Leave to Amend Complaint pursuant to Fed. R. Civ. P. 15(a)(2) ("Motion to Amend") (Doc. 25); (4) Plaintiff's Lodged Second Amended Complaint pursuant to LRCiv. 15.1(b) (the "Lodged SAC") (Doc. 26); and (5) Defendant's Reply in Support of Motion to Dismiss Amended Complaint ("Reply") (Doc. 27). Defendant's Reply also serves as a Response to Plaintiff's Motion to Amend. (*Id.*).

## I.    Background

The Court assumes the facts alleged in the First Amended Complaint (the "FAC") (Doc. 17) are true for purposes of deciding the pending Motion to Dismiss. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). For an unspecified amount of time, Defendant Bank of America, N.A. owned, held, and serviced a mortgage on Plaintiff Patrick Renner's Flagstaff property. (Doc. 17 at 2; *see* Doc. 23-1). In 2012, after noticing

inaccuracies in his credit history, Plaintiff lodged complaints with Defendant and the Credit Reporting Agencies (the "CRAs"). (Doc. 17 at 1). Defendant refused to verify or correct the inaccurate and incomplete information reported to the CRAs. (*Id.* at 2). As a result, Plaintiff has suffered damages from his inability to obtain a mortgage at a low interest rate. (*Id.* at 2).

On March 4, 2014, Plaintiff filed a complaint in state court alleging that Defendant violated "the Fair Credit Reporting Act [(the "FCRA")], 15 U.S.C. § 1681 et seq," by failing to completely and "accurately report information known [by Defendant] to the [CRAs]." (Doc. 17 at 1; *see also* Doc. 1-1; Doc. 1-5 at 1). On March 31, 2014, Defendant removed the action to this Court. (*See* Doc. 1).

## II.     Motion to Dismiss First Amended Complaint

Defendant moves to dismiss Plaintiff's FAC because Plaintiff fails to "plead allegations sufficient to establish a claim against" Defendant and "the FCRA does not provide Plaintiff with a private cause of action." (Doc. 23 at 3).

### A.     Legal Standard

The Court may dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2)

"requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz*, 234 F.3d at 435. Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B.    Analysis

Defendant argues that the Court should dismiss Plaintiff's FAC because "Plaintiff fail[s] to plead any facts that would entitle him to" relief under the FCRA and the FAC "fails to plausibly allege any claim against [Defendant]." (Doc. 23 at 1).

Congress enacted the FCRA to ensure fair and accurate credit reporting, to promote efficiency in the banking system, and to protect consumer privacy. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). To ensure accurate credit reporting, the FCRA imposes some duties on the sources that provide information to CRAs or "furnishers," as they are called in the statute. *Id.*

Section 1681s-2 of Title 15 of the U.S. Code prescribes two categories of responsibilities for furnishers. Subsection (a) outlines a furnisher's duty to provide accurate information to CRAs. 15 U.S.C. § 1681s-2(a). Subsection (b) outlines a furnisher's duty to investigate after receiving notice of a dispute regarding credit-related information from a CRA. 15 U.S.C. § 1681s-2(b). "The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements." *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. § 1681(n)-(o); *Nelson v. Chase Manhattan Mortgage*

1      *Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002)). "However, § 1681s-2 limits this private

2      right of action to claims arising under subsection (b)." *Id.* (citing 15 U.S.C. § 1681s-2(c)).

3             Plaintiff alleges that Defendant, who is a furnisher under the FCRA, "inaccurately

4      and incompletely reported information to the [CRAs] regarding the Plaintiff's credit

5      history." (Doc. 17 at 1). Plaintiff further alleges that he has "lodged complaints with

6      [Defendant]" and has "filed complaints with the [CRAs]" to no avail. (*Id.*). Plaintiff fails,

7      however, to allege that Defendant improperly investigated the dispute after receiving

8      notice from the CRAs. Furthermore, Plaintiff fails to allege that the CRAs even notified

9      Defendant of Plaintiff's dispute.

10             Under the FCRA, individual consumers have a private right of action against a

11      furnisher only for violations of § 1681s-2(b). A furnisher's § 1681s-2(b) duties are

12      triggered only when the furnisher receives notice of a consumer dispute *from* a CRA.

13      Because Plaintiff fails to allege that the CRAs sent notice of his consumer dispute to

14      Defendant, thereby triggering Defendant's duty to investigate, Plaintiff's claim under the

15      FCRA necessarily fails. Accordingly, the Court grants Defendant's Motion to Dismiss

16      the FAC. *See Ewing v. Wells Fargo Bank*, No. CV-11-8194-PCT-JAT,

17      2012 WL 4514055, at *4 (D. Ariz. Oct. 2, 2012) (dismissing a plaintiff's FCRA claim for

18      failure to allege that the CRA sent notice of plaintiff's consumer dispute to the

19      defendant).

20      **III.**    **MOTION TO AMEND WITH LEAVE OF COURT**

21             Plaintiff filed his Motion to Amend with the purpose of "correct[ing] deficiencies

22      and add[ing] clarity" to his complaint. (Doc. 25 at 1). The Lodged SAC includes

23      additional facts that the Court recounts below.

24             From July 1, 2011 until March 15, 2013, Defendant serviced Plaintiff's mortgage,

25      originally obtained from Countrywide Home Loans, Inc. in December 2006. (Doc. 26 at

26      1). In September 2012, Plaintiff became aware of alleged inaccuracies in his credit

27      history when BBVA Compass Bank denied his application to refinance his mortgage due

28      to "negative items" in Plaintiff's credit history. (*Id.* at 2). In particular, Defendant

reported that: (1) Plaintiff's mortgage was "part of a Chapter 13 bankruptcy"; (2) "the account was delinquent"; (3) "the account was closed"; and (4) the account had no payment history. (*Id.*).

Plaintiff filed complaints with multiple CRAs stating that the reported information was inaccurate. (*Id.*). In October 2012, the CRAs notified Plaintiff that Defendant verified the information reported and determined it was correct. (*Id.*). Plaintiff wrote numerous letters to Defendant documenting why the information was allegedly inaccurate and incomplete. (*Id.*). Twice more Plaintiff filed complaints with the CRAs. (*Id.* at 2–3). Both times the CRAs responded that Defendant had verified the information being reported as correct. (*Id.*). In September 2013, J.P. Morgan Chase Bank denied Plaintiff's application to refinance his mortgage due to negative information in his credit history. (*Id.* at 3).

Plaintiff now seeks to amend the FAC pursuant to Fed. R. Civ. P. 15(a)(2) by including the above-stated facts related to Plaintiff's FCRA claim. (*See* Doc. 25).

### A.    Legal Standard

A party may amend a pleading once as a matter of course within 21 days after serving it or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a)(1).  In all other circumstances, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Additionally, there is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.' " *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Balistreri*, 901 F.2d at 701).  In determining whether to grant a motion to amend, a court should consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "Significantly, '[t]he party opposing amendments bears the burden of showing prejudice,' futility, or one of the other permissible reasons for denying a motion to amend." *Farina v. Compuware Corp.*,

256 F. Supp. 2d 1033, 1060 (D. Ariz. 2003) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)). Additionally, the Ninth Circuit Court of Appeals recognizes that the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

### B.    Analysis

Here, Plaintiff has already amended the Complaint as a matter of right pursuant to Rule 15(a)(1) and seeks the Court's leave to amend his complaint pursuant to Rule 15(a)(2). (Doc. 25 at 1). Defendant argues that the Court should not grant Plaintiff's Motion to Amend because of Plaintiff's prior amendment (Doc. 23 at 5) and futility of amendment (Doc. 27 at 1–2).

### 1.    Prior Amendments

Defendant first argues that the Court should deny Plaintiff's Motion to Amend because "Plaintiff has already had one opportunity to amend his Complaint." (Doc. 23 at 5).

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The presence of prior amendments may persuade a court to deny leave, even in absence of the four other factors "when the movant present[s] no new facts but only new theories and provide[s] no satisfactory explanation for his failure to fully develop his contentions originally." *Id.* at 374.

The Lodged SAC provides nearly two pages of additional facts. (*See* Doc. 26 at 1–3). Moreover, the Lodged SAC provides no additional legal theories. (*See id.* at 1–5).

1   Because Plaintiff's overwhelming purpose in seeking leave of court to amend is to add
2   clarity to his existing claim, the presence of a prior amendment does not weigh against
3   granting Plaintiff's Motion to Amend.

### 2.   Futility

5   Defendant next argues that the Court should deny Plaintiff's Motion to Amend
6   because the Lodged SAC is futile. (Doc. 27 at 1–2).

7   Futility alone is enough to deny a motion for leave to amend. *Nunes*,
8   375 F.3d at 808. A proposed amendment is futile only if "no set of facts can be proved
9   under the amendment to the pleadings that would constitute a valid and sufficient claim."
10  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Additionally, futility
11  may be found where proposed amendments are "either duplicative of existing claims or
12  patently frivolous, or both." *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). The
13  party opposing amendment bears the burden of proving futility. *Rodriguez v. City of*
14  *Phoenix*, No. CV-11-01992-PHX-JAT, 2014 WL 1053602, at *3 (D. Ariz. Mar. 19,
15  2014).

16  Once a plaintiff alleges that a CRA sent notice of a plaintiff's consumer dispute to
17  the furnisher, the FCRA creates a private right of action, enabling consumer suits for
18  willful (§ 1681(n)) and/or negligent (§ 1681(o)) noncompliance with the duties
19  enumerated in § 1681s-2(b). *Gorman*, 584 F.3d at 1154. "The purpose of § 1681s-2(b) is
20  to require furnishers to investigate and verify that they are in fact reporting complete and
21  accurate information to the CRAs after a consumer has objected to the information in his
22  file." *Id.* at 1164. As a result, after receiving a notice of a consumer dispute from a CRA,
23  a furnisher must pursue a "reasonable" investigation to determine whether the
24  information is incomplete or inaccurate. *Id.* at 1157.

25  Defendant alleges that Plaintiff's SAC is futile because: (1) Plaintiff "provide[s]
26  nothing to suggest [Defendant] was negligent in its investigation—except for the fact that
27  [Defendant] disagreed with [Plaintiff's] dispute after conducting its own investigation";
28  (2) Plaintiff suggests that Defendant "investigated the dispute and determined it was not

reporting inaccurate information"; and (3) Plaintiff "fails to allege how the information [provided by Defendant] is inaccurate." (Doc. 27 at 3).

### i.   Plaintiff's Failure to Allege a Negligent Investigation

Defendant's first argument is that the Lodged SAC is futile because Plaintiff fails to provide support that Defendant conducted a negligent investigation. This argument misstates Plaintiff's burden under the FCRA. To state a claim under the FCRA, Plaintiff must allege that Defendant negligently *and/or* willfully violated the duties enumerated in § 1681s-2(b). 15 U.S.C. § 1681(n)-(o). Plaintiff alleges that he wrote "numerous letters" to Defendant both before and after he filed complaints with the CRAs. (Doc. 26 at 2–3). These letters contained "documented evidence that the [reported] information was inaccurate and incomplete." (*Id.* at 2). Even after receiving this "documented evidence," Defendant "continued to refuse to make corrections." (*Id.*). Pursuant to the FCRA, Plaintiff alleges that Defendant *willfully* violated its duty to conduct a reasonable investigation, as enumerated in § 1681s-2(b), by ignoring evidence showing that the reported information was inaccurate and incomplete. As a result, Plaintiff's failure to allege that Defendant's conducted a negligent investigation does not make the claim futile.

### ii.   Plaintiff's Suggestion that Defendant Conducted an Investigation

Defendant's second argument is that the Lodged SAC is futile because Plaintiff concedes that Defendant fulfilled its duties under the FCRA by suggesting that Defendant performed an investigation. (Doc. 27 at 3). The FCRA requires furnishers "to conduct at least a reasonable, non-cursory investigation." *Gorman*, 584 F.3d at 1157. As a result, Defendant could conduct an *unreasonable* investigation and still be in violation of the FCRA. As a result, Plaintiff's suggestion that Defendant conducted an investigation does not necessarily render the Lodged SAC futile.

### iii.   Plaintiff's Failure to Allege How the Reported Information was Inaccurate

Defendant's third argument is that the Lodged SAC is futile because Plaintiff

"fails to allege how the information [reported by Defendant] was inaccurate." (Doc. 27 at 3). In the Lodged SAC, Plaintiff alleges that Defendant's information was inaccurate because Defendant reported that Plaintiff's "mortgage was part of a Chapter 13 bankruptcy, [that the account] was delinquent, that the account was closed, and [Defendant was] not reporting any payment history." (Doc. 26 at 2). These allegations provide Defendant with sufficient notice of the information Plaintiff claims to be inaccurate and incomplete. By specifying what reported information was allegedly inaccurate or incomplete, Plaintiff pleads a set of facts that constitutes a valid and sufficient claim under § 1681s-2(b). *See Moulton v. AmeriCredit Fin. Servs.*, 2005 WL 1522237, *3 (N.D. Cal. June 28, 2005) (finding that a plaintiff pleaded sufficient facts to state a § 1681s-2(b) claim despite failing to allege with specificity how an identified inaccuracy was incorrect). As a result, the lack of specificity in *how* identified information was inaccurate does not necessarily render the Lodged SAC futile.

Accordingly, the Court finds that the Lodged SAC is not futile. Because Defendant argues no basis other than Plaintiff's prior amendment and futility of amendment for denying Plaintiff's Motion to Amend, Defendant has not met its burden.

**IV.   CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss the First Amended Complaint (Doc. 23) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the First Amended Complaint and file a Second Amended Complaint (Doc. 25) is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Second Amended Complaint currently lodged at Doc. 26.

/ / /

/ / /

/ / /

/ / /

1     **IT IS FINALLY ORDERED** that defendant shall answer the Second Amended

2 Complaint within 20 days.

3     Dated this 28th day of July, 2014.

<br>

                James A. Teilborg
          Senior United States District Judge