**WO**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Renner, | No. CV-14-08051-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America, N.A., | |
| Defendant. | |

Previously in this case, Defendant moved to dismiss Plaintiff's first amended complaint.  In response to that motion to dismiss, Plaintiff moved to file a second amended complaint.  Defendant opposed the motion to amend on futility grounds.  The Court's analysis of Plaintiff's motion to amend, including Defendant's futility argument, is repeated below:

### III.    MOTION TO AMEND WITH LEAVE OF COURT

Plaintiff filed his Motion to Amend with the purpose of "correct[ing] deficiencies and add[ing] clarity" to his complaint. (Doc. 25 at 1). The Lodged SAC includes additional facts that the Court recounts below.

From July 1, 2011 until March 15, 2013, Defendant serviced Plaintiff's mortgage, originally obtained from Countrywide Home Loans, Inc. in December 2006. (Doc. 26 at 1). In September 2012, Plaintiff became aware of alleged inaccuracies in his credit history when BBVA Compass Bank denied his application to refinance his mortgage due to "negative items" in Plaintiff's credit history. (*Id.* at 2). In particular, Defendant reported that: (1) Plaintiff's mortgage was "part of a Chapter 13 bankruptcy"; (2) "the account was delinquent"; (3) "the account was closed"; and (4) the account had no payment history. (*Id.*).

Plaintiff filed complaints with multiple CRAs stating that the

reported information was inaccurate. (*Id.*). In October 2012, the CRAs notified Plaintiff that Defendant verified the information reported and determined it was correct. (*Id.*). Plaintiff wrote numerous letters to Defendant documenting why the information was allegedly inaccurate and incomplete. (*Id.*). Twice more Plaintiff filed complaints with the CRAs. (*Id.* at 2–3). Both times the CRAs responded that Defendant had verified the information being reported as correct. (*Id.*). In September 2013, J.P. Morgan Chase Bank denied Plaintiff's application to refinance his mortgage due to negative information in his credit history. (*Id.* at 3).

Plaintiff now seeks to amend the FAC pursuant to Fed. R. Civ. P. 15(a)(2) by including the above-stated facts related to Plaintiff's FCRA claim. (*See* Doc. 25).

### A.    Legal Standard

A party may amend a pleading once as a matter of course within 21 days after serving it or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a)(1).  In all other circumstances, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Additionally, there is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.' " *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Balistreri*, 901 F.2d at 701).  In determining whether to grant a motion to amend, a court should consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "Significantly, '[t]he party opposing amendments bears the burden of showing prejudice,' futility, or one of the other permissible reasons for denying a motion to amend." *Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1060 (D. Ariz. 2003) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)). Additionally, the Ninth Circuit Court of Appeals recognizes that the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

### B.    Analysis

Here, Plaintiff has already amended the Complaint as a matter of right pursuant to Rule 15(a)(1) and seeks the Court's leave to amend his

complaint pursuant to Rule 15(a)(2). (Doc. 25 at 1). Defendant argues that the Court should not grant Plaintiff's Motion to Amend because of Plaintiff's prior amendment (Doc. 23 at 5) and futility of amendment (Doc. 27 at 1–2).

### 1.    Prior Amendments

Defendant first argues that the Court should deny Plaintiff's Motion to Amend because "Plaintiff has already had one opportunity to amend his Complaint." (Doc. 23 at 5).

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The presence of prior amendments may persuade a court to deny leave, even in absence of the four other factors "when the movant present[s] no new facts but only new theories and provide[s] no satisfactory explanation for his failure to fully develop his contentions originally." *Id.* at 374.

The Lodged SAC provides nearly two pages of additional facts. (*See* Doc. 26 at 1–3). Moreover, the Lodged SAC provides no additional legal theories. (*See id.* at 1–5). Because Plaintiff's overwhelming purpose in seeking leave of court to amend is to add clarity to his existing claim, the presence of a prior amendment does not weigh against granting Plaintiff's Motion to Amend.

### 2.    Futility

Defendant next argues that the Court should deny Plaintiff's Motion to Amend because the Lodged SAC is futile. (Doc. 27 at 1–2).

Futility alone is enough to deny a motion for leave to amend. *Nunes*, 375 F.3d at 808. A proposed amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Additionally, futility may be found where proposed amendments are "either duplicative of existing claims or patently frivolous, or both." *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). The party opposing amendment bears the burden of proving futility. *Rodriguez v. City of Phoenix*, No. CV-11-01992-PHX-JAT, 2014 WL 1053602, at *3 (D. Ariz. Mar. 19, 2014).

Once a plaintiff alleges that a CRA sent notice of a plaintiff's consumer dispute to the furnisher, the FCRA creates a private right of action, enabling consumer suits for willful (§ 1681(n)) and/or negligent (§ 1681(o)) noncompliance with the duties enumerated in § 1681s-2(b). *Gorman*, 584 F.3d at 1154. "The purpose of § 1681s-2(b) is to require furnishers to investigate and verify that they are in fact reporting complete and accurate information to the CRAs after a consumer has objected to the information in his file." *Id.* at 1164. As a result, after receiving a notice of a consumer dispute from a CRA, a furnisher must pursue a "reasonable"

investigation to determine whether the information is incomplete or inaccurate. *Id.* at 1157.

Defendant alleges that Plaintiff's SAC is futile because: (1) Plaintiff "provide[s] nothing to suggest [Defendant] was negligent in its investigation—except for the fact that [Defendant] disagreed with [Plaintiff's] dispute after conducting its own investigation"; (2) Plaintiff suggests that Defendant "investigated the dispute and determined it was not reporting inaccurate information"; and (3) Plaintiff "fails to allege how the information [provided by Defendant] is inaccurate." (Doc. 27 at 3).

### i.    Plaintiff's Failure to Allege a Negligent Investigation

Defendant's first argument is that the Lodged SAC is futile because Plaintiff fails to provide support that Defendant conducted a negligent investigation. This argument misstates Plaintiff's burden under the FCRA. To state a claim under the FCRA, Plaintiff must allege that Defendant negligently *and/or* willfully violated the duties enumerated in § 1681s-2(b). 15 U.S.C. § 1681(n)-(o). Plaintiff alleges that he wrote "numerous letters" to Defendant both before and after he filed complaints with the CRAs. (Doc. 26 at 2–3). These letters contained "documented evidence that the [reported] information was inaccurate and incomplete." (*Id.* at 2). Even after receiving this "documented evidence," Defendant "continued to refuse to make corrections." (*Id.*). Pursuant to the FCRA, Plaintiff alleges that Defendant *willfully* violated its duty to conduct a reasonable investigation, as enumerated in § 1681s-2(b), by ignoring evidence showing that the reported information was inaccurate and incomplete. As a result, Plaintiff's failure to allege that Defendant's conducted a negligent investigation does not make the claim futile.

### ii.    Plaintiff's Suggestion that Defendant Conducted an Investigation

Defendant's second argument is that the Lodged SAC is futile because Plaintiff concedes that Defendant fulfilled its duties under the FCRA by suggesting that Defendant performed an investigation. (Doc. 27 at 3). The FCRA requires furnishers "to conduct at least a reasonable, non-cursory investigation." *Gorman*, 584 F.3d at 1157. As a result, Defendant could conduct an *unreasonable* investigation and still be in violation of the FCRA. As a result, Plaintiff's suggestion that Defendant conducted an investigation does not necessarily render the Lodged SAC futile.

### iii.    Plaintiff's Failure to Allege How the Reported Information was Inaccurate

Defendant's third argument is that the Lodged SAC is futile because Plaintiff "fails to allege how the information [reported by Defendant] was inaccurate." (Doc. 27 at 3). In the Lodged SAC, Plaintiff alleges that Defendant's information was inaccurate because Defendant reported that

Plaintiff's "mortgage was part of a Chapter 13 bankruptcy, [that the account] was delinquent, that the account was closed, and [Defendant was] not reporting any payment history." (Doc. 26 at 2). These allegations provide Defendant with sufficient notice of the information Plaintiff claims to be inaccurate and incomplete. By specifying what reported information was allegedly inaccurate or incomplete, Plaintiff pleads a set of facts that constitutes a valid and sufficient claim under § 1681s-2(b). *See Moulton v. AmeriCredit Fin. Servs.*, 2005 WL 1522237, *3 (N.D. Cal. June 28, 2005) (finding that a plaintiff pleaded sufficient facts to state a § 1681s-2(b) claim despite failing to allege with specificity how an identified inaccuracy was incorrect). As a result, the lack of specificity in *how* identified information was inaccurate does not necessarily render the Lodged SAC futile.

Accordingly, the Court finds that the Lodged SAC is not futile. Because Defendant argues no basis other than Plaintiff's prior amendment and futility of amendment for denying Plaintiff's Motion to Amend, Defendant has not met its burden.

Doc. 35 at 4-9. In the conclusion of this Order, the Court ordered the Clerk of the Court to file the lodged second amended complaint (because it was not futile), and ordered the Defendant to answer.

Instead of answering, Defendant move to dismiss the second amended complaint, re-urging all of its futility arguments in terms of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons detailed by the analysis above, the Court finds the second amended complaint states a claim. Accordingly,

**IT IS ORDERED** that the motion to dismiss (Doc. 40) is denied. Defendant shall answer the second amended complaint within 10 days.

Dated this 26th day of August, 2014.

James A. Teilborg
Senior United States District Judge